[No. 3108.]

J. H. BROWN *v.* THE STATE.

1. TRANSCRIPT.—STATEMENT OF FACTS shown by the transcript to have been filed after the adjournment of the trial term of the court will not be considered for any purpose, unless the transcript also brings up an order of court authorizing it to be filed after the adjournment.

2. PRACTICE IN THE COURT OF APPEALS.—In the absence of a statement of facts, this court will inquire no further than to ascertain whether or not the indictment was sufficient to charge the offense and sustain the charge of the court and the verdict of the jury, except as to matters so presented by bills of exception as to be determinable without a statement of facts, or where it appears that the conviction was not had by due course of law.

3. SAME—CHARGE OF THE COURT.—The rule stated does not preclude this court from revising the charge of the court, in a felony case, when such charge is not warranted by the indictment, and when, under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused.

4. SAME—ASSAULT TO MURDER.—INDICTMENT charges the appellant in this case with an assault with intent to murder one A. The charge of the court authorized the jury to convict in case they believed from the evidence that he committed such assault upon either A. or M. *Held*, error, because under no state of proof could the jury be authorized to convict for an assault on M. under an indictment charging the assault to have been committed upon A.

APPEAL from the District Court of Young. Tried below before the Hon. B. F. Williams.

The indictment charged the appellant with an assault with intent to murder one S. B. Allison, in Young county, Texas, on the thirteenth day of February, 1883. The trial resulted in the conviction of the appellant, and his punishment was affixed at a fine of five hundred dollars and three months' imprisonment in the county jail.

The difficulty in which this prosecution had its origin is the same in which John Rogers was killed, for which S. B. Allison was prosecuted to conviction of murder in the second degree. Allison's case will be found reported in full on page 402 of volume 14 of these Reports. A purported statement of facts, covering ninety pages of foolscap, is brought up with the transcript in this case, but is not recognized by this court, for the reason assigned in the first head note. It is, however, a substantial repetition of the narrative of the occurrences at the time of the difficulty, as condensed in the report of Allison's case.

*O. E. Finlay* and *C. W. Finlay*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. It appears from the transcript in this case that the term of the court at which the conviction was had ended on the eighth day of November, 1883. We find in the record a paper purporting to be a statement of facts, filed November 17, 1883, but we find no order of the court authorizing a statement of facts to be prepared and filed in the record after the adjournment of the court for the term. This being the

state of the record, there is no such statement of facts as this court can recognize and consider. (*Durley* v. *The State*, 11 Texas Ct. App., 172; *Gerrold* v. *The State*, 13 Texas Ct. App., 345.)

2. Where there is no statement of facts in the record, this court will inquire no further than to ascertain whether the conviction has been had upon a good indictment, and one which sustains the charge of the court and the verdict of the jury, and except as to matters so presented by bills of exception as to be determinable without a statement of the facts of the case, or where it appears that the conviction has not been by due course of law. (*Kaskie* v. *The State*, 7 Texas Ct. App., 202; *Hemanus* v. *The State*, Id., 372; *Castanedo* v. *The State*, Id., 582; *Ferrell* v. *The State*, 2 Texas Ct. App., 399.) But this court will revise the charge of the court in a felony case when such charge is not warranted by the indictment, and when, under any state of evidence, it would be manifestly erroneous, and may have prejudiced the rights of the accused. (*Mitchell* v. *The State*, 2 Texas Ct. App., 404.)

3. In the case before us the indictment, which is a valid one, charges the defendant with committing an assault upon one S. B. Allison, with intent to murder the said Allison. Upon this indictment the defendant was convicted of an aggravated assault. We have very carefully considered the charge of the court, and, as we understand it, we do not think that it is in conformity with the indictment in one essential particular.

Without copying the portion of the charge which in our opinion is erroneous, we will merely state that, as we construe it, it instructs the jury that if the defendant committed the assault either upon the said S. B. Allison or upon one Munnerlyn he would be guilty as charged in the indictment. If the construction which we place upon this charge is correct, then it was manifestly erroneous, and may have prejudiced the rights of the accused. As the defendant was charged with an assault upon Allison, under no state of the evidence could he be legally convicted, under that indictment, of an assault upon Munnerlyn, or any other person. This charge was excepted to by the defendant at the trial, and is properly called to the attention of this court by a bill of exceptions. We do not think we have misconstrued the charge. We think a jury would be likely to understand it as we do, that is, that it warrants the conviction of the defendant if he committed the assault upon either Allison

or Munnerlyn. If it does not mean this, then we must confess its meaning is to our minds so obscure and uncertain as to render it as objectionable as if it did.

There are no other questions presented in this case which, in; the absence of a statement of facts, we can determine.

Because of the error we have mentioned in the charge of the: court, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered May 17, 1884.